### D. C. Gannaway et al. v. James A. McFall.

1. OFFICERS—*Employment of Private Parties to Perform Duties of Officials is Unlawful.*—The employment of private persons to perform the duties of officials whose offices are created and duties prescribed by statute is unlawful.

Bill for an Injunction.—Appeal from the City Court of Mattoon; the Hon. LAPSLEY C. HENLY, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

J. H. MARSHALL and S. S. ANDERSON, attorneys for appellants.

J. F. HUGHES and J. W. & E. C. CRAIG, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a bill in equity by appellee, as citizen and taxpayer of Coles county, for himself and others who might

join with him, to restrain appellant Gannaway, as county treasurer, and Carnahan, as contractor with the board of supervisors of the county, from paying to the latter an order upon the county treasury, audited and issued by direction of the county board to Carnahan for $3,594, in conformity to the provisions of a written contract entered into between the county board and Carnahan, by which the latter was to discover property omitted from taxation, and report the same to the assessing officers, and to receive as compensation for such service one-third of all taxes produced by such means.

Upon the hearing the facts were stipulated, and the court granted its decree in accordance with the prayer of the bill, made the injunction perpetual, and this appeal was taken to reverse the decree.

By the statute of this state the legislature has prescribed who the assessing officers shall be, defined their duties, and provided in what manner they shall be elected and appointed, prescribed their qualifications and compensation, and when such officers have been elected or appointed, and qualified, they become public officers, and are responsible to the law as such, for their conduct. The employment of Carnahan was unauthorized by law, and the duties he assumed were such as belonged to the officers created by the statute for such purpose, and who in the discharge of them would be responsible as such, both to the public and the individual citizen. The legislature has not yet authorized the performance of official duties by private persons, who have no other incentive to their faithful discharge than to increase the amount of income to be derived therefrom.

The decree is right and it will be affirmed.